IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACMG OF LOUISIANA, INC. and ACMG, INC., : : : Plaintiffs, : : v. : : TOWERS PERRIN, INC., : : Defendant. : | CIVIL ACTION NO. 1:04-CV-1338-RWS |

**ORDER**

This case comes before the Court for consideration of Defendant's Motion to Strike Plaintiffs' Expert Reports [96] and Defendant's Motion to Compel Production of Contents of "Sam's" Hard Drive [97]. The Court has reviewed the record and now enters the following Order.

Plaintiffs ACMG of Louisiana, Inc. and ACMG, Inc. (collectively, "ACMG") initiated this action in May of 2004, naming as Defendants Towers Perrin Inc. ("Towers Perrin") and KPMG. KPMG was subsequently dismissed from the lawsuit by consent of the parties. ACMG alleges that Towers Perrin failed to include a critical "slope factor" in the actuarial models it provided to

ACMG for ACMG's management of the Vantage Health Plan ("Vantage") in 1995-1998, resulting in the loss of significant sums of money by ACMG and its predecessors.

## I.  Motion to Strike

In its Motion to Strike Plaintiffs' Expert Reports [96], Towers Perrin contends that ACMG's expert reports of Swindon, Springer & Company, Inc. and Jeff Danilo did not solely contradict or rebut the opinion contained in the expert reports served by Towers Perrin and thus should be stricken from the record.  Towers Perrin states that ACMG's expert reports included specific opinions concerning the competency of ACMG in managing the Vantage Health Plan, and no such issues were raised by Towers Perrin's experts.  In response, ACMG contends that James Galasso, a Towers Perrin expert, addressed certain matters relating to ACMG's competency in "provid[i]ng essential financial monitoring services," and concluded that "[t]he lack of financial competence and discipline on the part of ACMG were the primary causes for any financial losses experienced by [Vantage] due to premium rate inadequacies."  (Ex. B to Def.'s Mot. to Strike [96] at 12.)  As an alternative, Towers Perrin requests that it be afforded an opportunity to depose Plaintiff's

2

expert and file an additional expert report concerning the issues raised by ACMG's expert reports.

Having reviewed the parties' filings, the Court finds it inappropriate to grant Towers Perrin's request to strike ACMG's expert reports. A motion to strike is "a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." Augustus v. Bd. of Public Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted). Motions to strike are rarely granted absent a showing of prejudice. Jones v. Wal-Mart Stores, Inc., No. 90-14113-CIV, 1991 WL 236503 (S.D. Fla. Apr. 25, 1991).

Nevertheless, the Court will grant Towers Perrin's request to extend the discovery period for the purpose of allowing Towers Perrin to depose ACMG's expert and file a rebuttal expert report. Towers Perrin shall have thirty (30) days from the entry of this Order to depose ACMG's "rebuttal experts." Towers Perrin shall have thirty (30) days following the depositions to serve a rebuttal expert report, should it desire to do so. ACMG may depose such rebuttal expert within thirty (30) days of receipt of the report.

3

## II.     Motion to Compel

Towers Perrin also seeks to compel ACMG to grant access for inspection of two hard drives in ACMG's possession which the parties have referred to as the "Sam's" drive and the "DALCO" drives. Towers Perrin contends that the Sam's drive contains relevant information concerning the history of the actuarial model spreadsheets at issue in this litigation as they were used at times relevant to this litigation. Towers Perrin further contends that numerous relevant files were transferred from the Sam's drive to the DALCO drive, but the DALCO drive does not contain information concerning the history or modification or deletion of those files. Thus, Towers Perrin states that it is entitled to investigate and test both drives for metadata and other information concerning the modification, transfer, or deletion of files relevant to this litigation.

ACMG responds that Towers Perrin has already had the chance to review the relevant files contained on the DALCO drive, but that any discovery concerning the Sam's drive is unnecessary because no files presently exist on the Sam's drive that are relevant to this litigation. ACMG does not, however, raise any privilege concerning the information contained on the Sam's Drive or

offer any evidence rebutting Towers Perrin's contention that metadata or other historical information likely exists on the Sam's Drive that may lead to relevant evidence.

Having reviewed the parties' filings on this matter, the Court concludes that the both the Sam's and DALCO drive are subject to discovery. Towers Perrin has demonstrated that testing for metadata or other historical information concerning the files relevant to this litigation "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Indeed, the Court has previously held that "Plaintiffs' use and/or modification of the relevant rate model is relevant to the factual issues in this litigation." (See Order of May 8, 2007 [88] at 8.) Accordingly, Towers Perrin Motion to Compel [97] is **GRANTED**. Plaintiffs are **ORDERED** to grant Defendant access to the hard drive known as "Sam's" and grant Defendant access to all other portions of Sam's and DALCO's hard drives which may contain relevant information not otherwise subject to privileges within ten (10) days from the date of the entry of this Order. The discovery of both drives shall be subject to the restrictions and procedures imposed by this Court's Order of May 8, 2007 [88]. To the extent practicable, the third party vendor shall prepare a report

5

concerning any metadata or other history of the files relevant to this litigation. The parties shall work diligently to comply in good faith with the terms of this Order.

## Conclusion

For the foregoing reasons, Towers Perrin's Motion to Strike is **GRANTED in part and DENIED in part**. The Court grants the Motion insofar as Towers Perrin requests to extend the discovery period for the purpose of allowing Towers Perrin to serve an expert report concerning the matters raised in ACMG's rebuttal expert reports. Towers Perrin shall have thirty (30) days from the entry of this Order to depose ACMG's "rebuttal experts." Towers Perrin shall have thirty (30) days following the depositions to serve a rebuttal expert report, should it desire to do so. ACMG may depose such rebuttal expert within thirty (30) days of receipt of the report. The Motion is denied in all other respects.

Towers Perrin Motion to Compel [97] is **GRANTED**. Plaintiffs are **ORDERED** to grant Defendant access to the hard drive known as "Sam's" and grant Defendant access to all other portions of Sam's and DALCO's hard drives which may contain relevant information not otherwise subject to privileges

AO 72A
(Rev.8/82)

within ten (10) days from the date of the entry of this Order. The discovery of both drives shall be subject to the restrictions and procedures imposed by this Court's Order of May 8, 2007 [88]. To the extent practicable, the third party vendor shall prepare of report concerning any metadata or other history of the files relevant to this litigation. The parties shall work diligently to comply in good faith with the terms of this Order.

      **SO ORDERED** this  11th  day of December, 2007.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE