# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ACMG OF LOUISIANA, INC. and
ACMG, INC.,

   Plaintiffs,

v.

TOWERS PERRIN, INC.,

   Defendant.

CIVIL ACTION NO.
1:04-CV-1338-RWS

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Modify Scheduling Order to Permit ACMG to Serve Rebuttal Expert Reports [112], Defendant's Motion for Summary Judgment as to the Claims of Plaintiff ACMG, Inc., [113] and Defendant's Motion for Summary Judgment as to the Claims of Plaintiff ACMG of Louisiana, Inc. [115]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiffs ACMG of Louisiana, Inc. and ACMG, Inc. (collectively,

"ACMG") initiated this action in May of 2004, naming as Defendants Towers Perrin Inc. ("Towers Perrin") and KPMG.[1]  The claim arises out of the settlement of a lawsuit that Vantage Health Plan of Louisiana, Inc. ("Vantage") filed against ACMG, Inc. and ACMG of Louisiana, Inc. ("ACMGL") in 1998 for breach of a Managed Care Organization (MCO) Development and Management Agreement ("1995 MCO Agreement"). Vantage alleged in that lawsuit that ACMG failed to perform its contractual duties as Third Party Administrator ("TPA") of the Plan and thus caused substantial damages to Vantage. The lawsuit was settled in 2004 .

Pursuant to the settlement, ACMG was required to surrender certain Vantage stock it had acquired under the MCO Agreement and was additionally forced to forego the profits it would have received had the MCO Agreement endured for its contemplated term.  As a further component of the settlement, Vantage assigned to ACMG any rights it might have had against Towers Perrin

In this case, ACMG alleges that Towers Perrin failed to include a critical "slope factor" in the electronic rate model ("ERM") it provided to ACMG for ACMG's management of the Vantage account in 1995-1998. In this lawsuit,

---

[1] KPMG was subsequently dismissed from the lawsuit by consent of the parties.

2

ACMG brings two sets of claims against Towers Perrin. First, asserting the rights it acquired through assignment from Vantage, ACMG sues Towers Perrin on a breach of contract and negligence theory. Second, relying on its own standing, ACMG requests either indemnification or contribution from Towers Perrin for "all amounts and value paid or foregone in settlement of the Louisiana action." (First Am. Compl. Dkt. No. [23] at ¶¶ 28-29.)

## Discussion

### I. Motion to Modify Scheduling Order

Pursuant to the Scheduling Order [108] both parties have submitted expert reports in support of their claims and defenses. Plaintiffs ACMG then timely served Defendant Towers Perrin with three rebuttal expert reports. Defendant moved to strike these reports, stating that "the information contained in the [e]xpert [r]eports is not intended to solely contradict or rebut evidence on the same subject matters identified by [Defendant's] [e]xperts, but instead offers separate and distinct expert opinions." (Dkt. No. [96] at 1.) The Court denied Defendant's Motion to Strike, but extended the discovery period for the purpose of allowing Defendant to depose ACMG's expert and file a rebuttal expert

3

report [106]. Pursuant to the Court's Order, Defendant subsequently filed two rebuttal expert reports. Plaintiffs ACMG now move to have the Court modify the Scheduling Order dated February 13, 2008 [108] to allow Plaintiffs to obtain experts to rebut Defendant's expert reports. Plaintiffs seek an opportunity to rebut opinions made by Defendant's experts about ACMG's performance.

The Court finds it inappropriate to modify the Scheduling Order to allow Plaintiffs to further rebut Defendant's experts. The parties have proceeded through four rounds of expert discovery and countless discovery extensions. Each party has been given the opportunity to present expert reports and rebuttal expert reports; therefore, the Court finds that both parties have had sufficient opportunity to present expert evidence on all issues before the Court. Thus, Plaintiffs' Motion to Modify Scheduling Order to Permit ACMG to Serve Rebuttal Expert Reports [112] is **DENIED**.

**II. Motion for Summary Judgment Against Plaintiffs ACMG, Inc.**

Defendant moved for summary judgment on indemnification and breach of contract claims brought by Plaintiff ACMG, Inc. [113] Defendant asserts

4

that ACMG, Inc. cannot demonstrate the injury in fact requirement for standing. (Dkt. No. [113] at 4); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations omitted). Specifically, Defendant argues that ACMG, Inc. "has no basis to pursue these claims because (1) it did not own the shares of Vantage stock that were sold back to the Plan and (2) was not the assignee of Vantage's litigation rights." (Dkt. No. [113] at 2.) Plaintiff ACMG, Inc. concedes that Defendant's allegations are correct, yet states that it initiated the action on behalf of both ACMG, Inc. and ACMGL "out of an abundance of caution simply because there were two MCO Agreements." (Dkt. No. [136] at 52.) ACMG, Inc. does not oppose the grant of summary judgment on its claims so long as Defendant admits that ACMGL is the proper party to sue for any losses under the agreement. (Id.)

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court finds that no issue of material fact exists as to the assertion that ACMGL, not ACMG, Inc. is

5

the proper party in this suit. Based on ACMG, Inc.'s willingness to concede the allegations set forth by Defendant, the Court finds that ACMG, Inc.'s claims are without merit. Therefore, Defendant's Motion for Summary Judgment as to the Claims of Plaintiff ACMG, Inc. is **GRANTED**.

### III. Motion for Summary Judgment Against Plaintiff ACMG of Louisiana, Inc.

As stated above, Plaintiff ACMGL, as an assignee of Vantage, asserts a claim against Defendant Towers Perrin for breach of contract and negligence for injuries caused by Defendant's alleged faulty actuarial model. (Dkt. No. [23] at ¶¶ 1, 17-25, 30.) ACMGL also asserts direct claims for indemnification and contribution arising out of ACMGL's sale of stock back to Vantage in the settlement. (Id. at ¶¶ 1, 20-29.) Defendant asserts three bases for summary judgment on ACMGL's claims: (1) ACMGL's assigned claims for negligence and breach of contract are time barred; (2) ACMGL has no legal basis to seek indemnification or contribution because the Vantage settlement did not extinguish claims against Defendant Towers Perrin; and, (3) ACMGL's factual

6

basis for all claims fails because Towers Perrin did not produce a faulty actuarial model. (Dkt. No. [127] at 2-3.)

As an initial matter, Plaintiff failed to respond to Defendant's Motion for Summary Judgment on the assigned negligence claim and the direct contribution claim.[2] As a result of Plaintiff's failure to provide any affirmative evidence to demonstrate an issue of material fact on these claims, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims of negligence and contribution. (Id.; see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1989).) Before the Court is Defendant's Motion for Summary Judgment as to Plaintiff's assigned breach of contract claim and direct indemnification claim.

A. Breach of Contract Claim

Defendant urges the Court to grant summary judgment on Plaintiff's assigned breach of contract claim because the claim is barred by the applicable statute of limitations. Defendant asserts that under Georgia law, a breach of

---

[2](Dkt. No. [144] at 1.) Plaintiffs do assert that a breach of contract claim brought based on actuarial negligence carries a four-year statute of limitations. (Dkt. No. [136] at 11.) However, the Court finds that the argument fails under the same analysis as the breach of contract claim discussed in this Order. *Infra* III.A.

7

contract claim for either actuarial services or sale of goods is governed by a four-year statute of limitations.[3] Defendant states that ACMGL's assigned breach of contract claim accrued in the Spring of 1996 when the Defendant allegedly delivered a faulty ERM to ACMG. (Dkt. No. [127] at 39.) Thus, ACMGL's breach of contract suit, asserted in May 2004, falls significantly beyond the stated four-year statute of limitations. (Id. at 40.)

In response, ACMGL relies on the Georgia "renewal statute" O.C.G.A. § 9-2-61 in stating that the cause of action falls within the statute of limitations.[4]

---

[3]The Court's Order [36] dated July 8, 2006 recognized that Towers Perrin's contract with Vantage could be characterized as either a contract for the provision of actuarial services or a contract for the sale of goods. (Dkt. No. [36] at 16-19.) For the purposes of this statute of limitations analysis, however, it is unnecessary to characterize the nature of the agreement because under Georgia law, four-year limitations periods apply to both types of contracts. O.C.G.A. § 9-3-25 (stating in relevant part, "[a]ll actions upon open account, or for the breach of any contract...shall be brought within four years after the right of action accrues); Ga. Code Ann. § 11-2-725(1) (stating "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.").

[4]O.C.G.A. §9-2-61 states in relevant part, "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once."

AO 72A
(Rev.8/82)

Under O.C.G.A. §9-2-61, the plaintiff must have asserted an "original action" on the same claim which tolls the statute of limitations until the end of the original period. (Dkt. No. [136] at 11.) If the original action is dismissed or discontinued, the "renewal statute" permits the plaintiff to re-file the claim within the originally applicable statute of limitations. O.C.G.A. §9-2-61.

Plaintiff argues that the breach of contract claim meets the requirements under the Georgia renewal statute such that the claim is not time barred. (Id.) First, Plaintiff asserts that it commenced the original action by filing a third party complaint asserting a breach of contract claim against Towers Perrin in the United States District Court for the Western District of Louisiana on August 9, 2004. (Id. at 12; "Third Party Demand" Dkt. No. [136] Exh. 8.) Though Defendant Towers Perrin was admittedly never served with the complaint, ACMGL states that the original action commenced when the complaint was filed. (Id.); see also La. Code Civ. Proc. Art. 421 (stating that a civil action "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction"); see Fed. R. Civ. Proc. 3 ("A civil action is commenced by filing a complaint with the court."). Next, Plaintiff asserts that this original action of the third party complaint is governed by Louisiana

9

substantive law which carries a ten-year statute of limitations for breach of contract claims.⁵ Therefore, if the cause of action accrued in Spring of 1996, ACMGL's third party complaint, asserted in August 2004, was timely (Dkt. No. [136] at 15.) Plaintiff asserts that the breach of contract claim in the present case is a renewed claim under the Georgia renewal statute. (Id. at 16.) Thus, because ACMGL's third party complaint was timely under the ten-year statute of limitations, under the Georgia renewal statute, ACMGL's breach of contract claim filed within the ten-year period is timely as well. (Id.)

The Court finds that while Plaintiff's argument is persuasive, it is fundamentally flawed. Courts have widely held that the Georgia renewal statute O.C.G.A. § 9-2-61(a) requires a showing of service of process.⁶ The Georgia Supreme Court, in interpreting the statute, explained:

---

⁵The third party complaint was filed in Louisiana federal court. Therefore, Louisiana substantive law governs the statute of limitations determination. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) ("[f]ederal courts adjudicating state law claims apply the substantive law of the state where they render decisions.")

⁶See Baxtley v. Baldwin, 651 S.E.2d 172, 173-174 (Ga. Ct. App. 2007) (finding the renewal statute inapplicable because the defendant was not served in the original suit); see also Cooper v. Lewis, 655 S.E.2d 344, 345-346 (Ga. Ct. App. 2007) (stating, "[t]he original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A void action cannot be renewed after the statute of limitation has run.")

> The renewal statute is remedial in nature; it is construed liberally
> to allow renewal where a suit is disposed of on any ground not
> affecting its merits. The 'privilege' of dismissal and renewal
> does not apply to cases decided on their merits or to void cases,
> but does allow renewal if the previous action was merely
> voidable. The original suit is void if service was never
> perfected, since the filing of a complaint without perfecting
> service does not constitute a pending suit.

Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994)(citations omitted). Here, Plaintiff ACMGL admits that it did not serve the third party complaint on Defendant Towers Perrin. (Pl. Response to Stmt. of Material Facts, Dkt. No. 136] at ¶ 13.) Therefore, as no service was perfected, the original claim is void and the Georgia renewal statute is inapplicable.

Furthermore, Plaintiff's reliance on the service requirement under Louisiana law is misplaced. The construction of the Georgia renewal statute relies on the application of Georgia law. The fact that Louisiana law does not require service before an action is deemed to be commenced is of no consequence to the renewal analysis. Rather, this Court has held that Georgia law is applied in the assessment of whether the original action was void for lack of service of process. See Stenger v. World Harvest Church, Inc., 2006 WL 870310 at *7-8 (N.D. Ga. Mar. 31, 2006) (applying Georgia law to assess whether the original action filed in Illinois was void under the Georgia renewal

11

statute); see Collins v. West Am. Ins. Co., 368 S.E.2d 772, 773 (Ga. Ct. App. 1988) (applying Georgia law to determine whether original action filed in Tennessee was void). Under Georgia law, service of process is required in order to assert a claim under the Georgia renewal statute. Therefore, as ACMGL failed to serve the third party complaint on Defendant Towers Perrin, the original action is void and cannot serve as a basis for a renewal under the Georgia renewal statute. Thus, ACMGL's breach of contract claim falls outside the applicable Georgia four-year statute of limitations. Defendant Towers Perrin's Motion for Summary Judgment as to ACMGL's breach of contract claim is **GRANTED**.

B. Indemnification Claim

Plaintiff ACMGL filed a direct claim for indemnification and contribution against Towers Perrin, seeking damages in the form of future lost management fees and profits incurred as a result of below-market value stock sales as part of its settlement with Vantage. (Dkt. No. [23].) Plaintiff alleges that it was forced to settle the action with Vantage, and in turn, "bear legal responsibility for Towers Perrin's active negligence." (Dkt. No. [136] at 21.) Defendant moved for summary judgment on both claims.

Defendant primarily asserts that the settlement between ACMGL and Vantage did not release Towers Perrin from liability to Vantage. (Dkt. No. [127] at 50.) Rather, Vantage's assignment of claims against Towers Perrin to ACMGL demonstrates Defendant's alleged outstanding liability. (Id.; Settlement Agreement, Dkt. No. [115] Exh. 3 at § IV.) Defendant urges that claims of indemnification or contribution would only be appropriate if Towers Perrin had been released from liability by Vantage.( Id.); see generally Greyhound Lines, Inc., v. Cobb County, 681 F.2d 1327, 1332 (11th Cir. 1982) (stating that indemnification "implies a shifting of the entire loss from the party who paid the judgment to the tortfeasor who should in fairness bear it"); Restatement (Third) of Torts §22 (indemnity applies when one party "discharges the liability of another.") Here, Defendant asserts that ACMGL is not seeking reimbursement from a claim it paid on Towers Perrin's behalf, but rather seeks direct and consequential damages arising from the settlement and premature termination of the contract between Vantage and ACMGL. (Dkt. No. [144] at 12) (stating "claims for indemnification are derivative, and only permit reimbursement of amounts paid to extinguish the supposed indemnitor's (i.e. Towers Perrin's) liability.") Such direct losses are not permitted in a suit for indemnification. (Id.)

13

In response, ACMGL claims that the reasoning for settling the dispute with Vantage provides the basis for the indemnification claim. (Dkt. No. [136] at 20.) ACMGL asserts that it was forced to settle the suit with Vantage because it had no defense to Towers Perrin's alleged negligent actions. (Id.) Forced to bear responsibility for Defendant's active negligence, ACMGL now seeks to recover for damages sustained as a result of losses incurred in the settlement. (Id.)

The Court finds that Plaintiff ACMGL has failed to state a claim for indemnification. As Towers Perrin has asserted, a claim for indemnification requires a demonstration of payment on behalf of a third party. See Greyhound Lines, 681 F.2d at 1332 (11th Cir. 1982). A claim for indemnification allows recovery in the form of restitution and reimbursement for the payment of another party's liability; it is not an avenue for recovery of direct losses. See generally Emergency Prof'ls of Atlanta, P.C. v. Watson, 654 S.E.2d 434 (Ga. Ct. App.) Rather, the party must have, through payment or otherwise, discharged the liability of another. See Restatement (Third) of Torts §22. Here, it is clear that ACMGL's settlement with Vantage did not extinguish Towers Perrin's liability. In fact, Plaintiffs admit that "Towers Perrin is correct that ACMG paid nothing to Vantage in satisfaction of the potential breach of contract claim by Vantage against Towers Perrin." (Dkt. No. [136] at 20.) ACMGL clearly states that

14

the indemnification claim arises out of direct damages incurred as a result of the settlement with Vantage. (Dkt. No. [136] at 21.) The Court is unpersuaded by ACMGL's argument that the motivation behind the settlement creates the basis for an indemnification claim. (Dkt. No. [136] at 20.) In the absence of payments on behalf of Towers Perrin's liability to Vantage, ACMGL cannot seek indemnification for damages incurred in the settlement. As ACMGL did not extinguish Defendant's liability, the Court finds that this is not a proper case for indemnification. Rather, Plaintiff ACMGL seeks to assert a direct breach of contract claim that lies outside the applicable statute of limitations. The Court finds that Defendant Towers Perrin's Motion for Summary Judgment as to ACMGL's indemnification claim is due to be **GRANTED**.[7]

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Modify Scheduling Order to Permit ACMG to Serve Rebuttal Expert Reports [112] is **DENIED**, Defendant's Motion for Summary Judgment as to the Claims of Plaintiff ACMG, Inc. [113] is **GRANTED**, and Defendant's Motion for Summary Judgment as to the claims of

---

[7]Based on the Court's determination that ACMGL failed to assert a claim for indemnification, the Court need not address the Defendant's remaining arguments in the for the Motion for Summary Judgment.

15

Plaintiff ACMG of Louisiana, Inc. [115] is **GRANTED**.  The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendant and against all Plaintiffs in this action.

**SO ORDERED** this  30th  day of October, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16